UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **PATSY LIVING** | **CASE NO. 6:22-CV-03538** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **NATIONAL SECURITY FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM RULING

Before the Court is "National Security Fire and Casualty Company's Motion to Dismiss" (Doc. 29) wherein National Security moves to dismiss this case for lack of jurisdiction because the amount in controversy does not exceed $75,000.

### INTRODUCTION

On August 27, 2020, Hurricane Laura made landfall in the Southwest Louisiana area, and on October 9, 2020, Hurricane Delta made landfall in the Southwest Louisiana area. Plaintiff owns property in Breaux Bridge, Louisiana, which was insured by National Security Fire and Casualty Company ("National") during the relevant time period. Plaintiff, through counsel associated with the McClenny, Moseley & Associates ("MMA") law firm[1] filed the instant lawsuit to recover alleged underpayments by National, plus statutory penalties, attorneys' fees, interest, and costs pursuant to Louisiana Revised Statutes 22:1892 and 22:1973.

### RULE 12(b)(1) STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

---

[1] The MMA law firm and/or its associates were suspended from the practice of law and their representation has been terminated; Plaintiff has obtained new counsel who has filed an opposition to this motion.

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## **LAW AND ANALYSIS**

Plaintiff, through counsel, invoked the jurisdiction of this Court based on diversity of citizenship. As such, for this Court to have jurisdiction, Plaintiff's amount in controversy must exceed $75,000. National argues that the amount in controversy alleged

in this lawsuit it well below that jurisdictional amount, and therefore must be dismissed. Plaintiff disagrees.

National informs the Court that the insured property, a mobile home, has a coverage limit of $32,000, subject to a $1,000 deductible.[2] National also informs the Court that after its inspection on October 19, 2020, its adjuster issued a report on October 28, 2020, and estimated Plaintiff's covered damages to be $16,917.32. On October 31, 2020, National sent Plaintiff a check totaling $16,917.32. However, on May 27, 2022, MMA submitted a demand with a dwelling estimate totaling $186,504.13, after which it filed this lawsuit.

Current counsel for Plaintiff argues that this Court should consider the MMA estimate as well as mental anguish and emotional distress damages in determining the jurisdictional amount. First, as noted by National, Plaintiff's response is untimely considering that it was filed 14 days after the deadline. But, more substantively, this Court will not consider the MMA estimate as the amount in controversy. Plaintiff cannot seriously argue that she is entitled to $186,504.13 considering that the policy limit is $32,000, and Plaintiff has already been paid $16,917.32. Plaintiff's logic defies all reasoning.[3] As to Plaintiff's argument that she might be entitled to mental and emotional damage, the Court will not consider this claim for damaged. It was not alleged. As such, the Court agrees with National that because the jurisdictional amount has not been met, this Court lacks jurisdiction.

---

[2] Policy attached to Answer, Doc. 17-1.
[3] The Court has seriously considered a Rule 11 sanctions here due to the absurdity of Plaintiff's arguments.

## CONCLUSION

For the reasons explained herein, the Court will grant National Security Fire and Casualty Company's Motion to Dismiss (Doc. 29) and dismiss this lawsuit without prejudice at Plaintiff's costs.

**THUS DONE AND SIGNED** in Chambers on this 18th day of April, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE